[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10867
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-00359-CEH-TGW

ABEL BAND, CHARTERED,
a Florida professional association,

                                        Plaintiff,

COAST INVESTMENT GROUP, LLC,
a Florida limited liability company,
V. JOHN BROOK,
Trustee,

                                        Plaintiffs - Appellants,

versus

TWIN CITY FIRE INSURANCE COMPANY,
a foreign corporation,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 28, 2017)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Coast Investment Group, LLC and John Brook, the bankruptcy Trustee for the Abel Band law firm, appeal the district court's order granting judgment on the pleadings in favor of Twin City Fire Insurance Company.  The lawsuit sought a declaratory judgment establishing a duty by Twin City to defend or indemnify the Abel Band law firm against Coast's legal malpractice claims.  Coast argues on appeal that the district court erred in concluding that the malpractice Claim in Count I was not covered because of the insurance policy's "Business Enterprise" exclusion.  Upon review, we conclude that the district court got it right.

The insurance policy's "Business Enterprise" exclusion removes the following from coverage:

> Exclusions – We shall not pay damages or claim expenses in connection with any claim:
>
> 10. Arising out of professional legal services performed for or on behalf of any organization other than you if, at any time when those services were performed, the organization was or was intended to be:
>
>   a. Directly or indirectly controlled, operated or managed by an insured[.]

D.E. 2-17 at 21.  The exclusion expressly bars any insurance claims arising out of legal services provided to a business which an insured also manages or operates.

2

Coast and Mr. Brook ask us to reverse the district court and conclude that insurance coverage extends to losses arising out of allegedly negligent legal advice that the Abel Band law firm provided through one of its attorneys, Jenifer Schembri.  At the time of the advice, however, David Band was both a partner at the Abel Band law firm and an attorney-advisor, business manager, and promoter for Coast.  As the district court correctly explained, the plain language of the "Business Enterprise" exclusion bars any claims arising out of this advice, including the claim at issue here. *See Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) ("Florida law provides that insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties.") (citation omitted).  Our reading of the exclusion is consistent with that of other courts, *see, e.g.*, *Mt. Airy Ins. Co. v. Greenbaum*, 127 F.3d 15, 19–21 (1st Cir. 1997) (Massachusetts law), and the severability arguments advanced by Coast and Mr. Brook are not persuasive because the exclusion is not dependent on which attorney provided the deficient advice.  *See generally Health Options, Inc v. Kabeller*, 932 So. 2d 416, 420 (Fla. 2d DCA  2006) (courts may not adopt "a strained and unnatural construction" of insurance policy language "in order to create an uncertainty or ambiguity") (citation omitted).

**AFFIRMED.**

3